COATES et al. v. VILLAGE OF NYACK.

(Supreme Court, Appellate Division, Second Department. June 18, 1908.)

1. APPEAL AND ERROR—FINDINGS OF REFEREE—REVIEW.

The report of a referee has the same effect as though the trial had been
held at Special Term, and, before the Appellate Division can reverse the
findings, it must appear that they were against the weight of the evi-
dence, or that the proof so clearly preponderated in favor of a contrary
result that it can be said with a reasonable degree of certainty that the
referee erred in its conclusion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error,
§§ 1011–1017.]

2. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—CONTRACTS—ACTIONS—
PLEADING—ISSUES, PROOF AND VARIANCE.

Under a complaint by a contractor against a village, after the contract has been terminated by defendant before full performance as provided by the contract, to recover for "securing right of way, building bridges, purchasing tools, machinery, employing engineer, building storage buildings, and materials damaged and destroyed, and in the expending of moneys in preparing crushed stone," etc., plaintiff cannot recover for sand, wheelbarrows, cement boxes, railroad ties, gravel, cement, cement shed, planking, and building a road.

3. SAME—TERMINATION OF CONTRACT—RIGHTS OF CONTRACTOR.

Where a contract by a village for public improvements was terminated before full performance pursuant to a provision thereof, thus entitling the contractor to compensation for the work done, the contractor cannot recover for materials and tools provided for the work which were not kept by the village, nor for buildings and roads constructed by the contractor.

4. INTEREST—DEMANDS NOT LIQUIDATED.

On the termination of a contract before full performance entitling the contractor to compensation for the work done, interest is not recoverable before the ascertainment of the amount due.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Interest, §§ 35–40.]

Appeal from Trial Term, Rockland County.

Action by Lawrence W. Coates and another against the village of Nyack. From a judgment in favor of plaintiffs on a trial before a referee, defendant appeals. Reversed on condition of modification.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

James M. Gray (Mortimer B. Patterson, on the brief), for appellant.
George A. Wyre, for respondents.

JENKS, J. In 1897 the plaintiffs, as successful bidders, entered into a contract with the water board of the defendant, and thereunder began to construct public waterworks, which they did not finish. The defendant contends that they abandoned the work. However this may be, on June 3, 1899, the said board gave formal notice to the plaintiffs whereby it stated that the contract was long since terminated, but, as it noted from a communication from the plaintiffs that the plaintiffs considered the contract as still in force, it gave notice, in the exercise of its discretion and deeming that the best interests of the village so required, that it abandoned, canceled, and terminated the contract. The contract provided:

"It is further expressly agreed that the parties of the first part shall have the right to suspend or cancel this agreement at any time if in their discretion it appears to them the interests of the village of Nyack so require, and in such case the parties of the second part shall be paid in full for all the work done prior to the date of such suspension or cancellation, but shall not be entitled to any damages therefor."

A new contract was made with another. This action is brought to recover $11,327 on five separate causes of action, with interest. The judgment entered is for $10,232.01, and the amount thereof is made up of $5,627.92 excess of judgment for principal ($14,535) over payments of $8,907.98, interest from June 30, 1899, $2,616.98, and $1,987.11 costs.

The report of a referee has the same force and effect as though the trial had been held at Special Term. Kennedy v. McKone, 10 App. Div. 97, 41 N. Y. Supp. 577. Before this court can reverse the findings, it must appear that they were against the weight of evidence, or that the proof so clearly preponderated in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court erred in its conclusion. Lowery v. Erskine, 113 N. Y. 55, 20 N. E. 588; Foster v. Bookwalter, 152 N. Y. 168, 46 N. E. 299; Marden v. Dorthy, 12 App. Div. 176, 42 N. Y. Supp. 834. Certain items making up the principal recovered are attacked. Of these some can be sustained and others cannot. The recovery for the pumping station (for which the contract price was $3,400) fixed at $3,360 should be reduced by $100, inasmuch as the uncontradicted evidence shows that the parties agreed to allow $100 for the nonerection of the office, and therefore this sum, and not $40 which was but the estimated cost of the office, is deductible.

The recovery under the third cause of action should stand at $1,208.49. The only item attacked is for cartage of certain brick. If this brick was used by the plaintiffs, the cartage was not chargeable against the defendant, and it would not matter if the cartage was for brick bought by the defendant on account of the plaintiffs to replace brick furnished by the plaintiffs and rejected. But it appears that the brick was finally sold by the defendant, but not for the account of the plaintiffs. If so, then the cartage was a proper charge against the defendant. It is true that a witness for the defendant testifies that some of this brick was used in the work. But it was for the defendant to show what part of it was used in the work, and therefore excluded from the amount sold. This it has not done. The recovery for the construction of the pure water well, excluding the removal of water, should stand at $1,319.37, for I think that upon the evidence we cannot hold counter to the referee that the crib which caused this increased expense was a detail of the work, and was within the contemplation of the original contract, or that its use was essential in the work required to be done under the contract. The referee found that the plaintiffs excavated 11,400 cubic yards of earth in the construction of the filter bed, for which the contract price was 29 cents per yard, and "performed work and furnished materials in making soundings at the request of the defendant, furnishing engine, pump, men, and coal, pumping and keeping the excavation free from water, which I find all to be of the reasonable value of $5,374.-15." It is contended that the item is erroneous because it makes allowance for 3,400 cubic yards. I think that we cannot disturb the finding of the referee in this respect. The cost of this digging amounts to $3,306,and this amount deducted from the amount allowed by the referee would leave a balance of $2,068.15, which is made up for other work described in that finding. So far as the pumping out of the water is concerned, it is quite true that the engineering work as prescribed by the contract required such pumping as was incidental to the construction, but it is also true that during the progress of the work the defendant at the instance of its consulting en-

gineer caused various soundings to be made, and there is evidence that consequent thereto there was a large increase in the volume of water which came into the work. Moreover, there is evidence that during the period including the time of sounding the work was suspended by order of the defendant. It is also true that about two weeks after the increased volume of the water due to the sounding the Hackensack river or creek broke in upon the work and the influx was of large volume. If the plaintiffs sought to recover for the extra pumping due to the increased volume of water consequent upon the influx of the Hackensack river or creek, I think they could not prevail, for the reason that their contention that the breaking in of the river was due to the soundings is based upon surmise and not proof, whereas the defendant's witnesses and engineers testify that the influx was not due to that cause. But there is evidence that the work was suspended, as I have said, for a period, and also evidence that the pumping was necessary on account of work to be done there by an independent contractor, Pearsall, and that the plaintiffs at this time had ceased to do their own work and the defendant ordered this pumping to be done. It is true that the time of the pumping is indefinite if we seek for exact dates, but it is sufficiently shown by the testimony, and the time is specifically stated in one part of the evidence to be 59 days. The price charged by the plaintiffs is severely criticised, but the evidence of the several witnesses, of whom all certainly are not favorable to the plaintiffs, varies as to the proper charge from $15 to $20 a day. I think we cannot disturb the finding of the referee allowing $18 a day for 59 days, and his finding, so far as this amount is concerned, should be affirmed.

The plaintiffs plead that they have suffered damage "by reason of moneys expended in the preparation for said work to be performed under said contract in securing right of way, building bridges, purchasing tools, machinery, employing engineer, building storage buildings, and materials damaged and destroyed, and in the expending of moneys in preparing crushed stone, and in loss and damage to material and extra material furnished for said work, all of which work performed and materials purchased and buildings erected and moneys expended were necessary under the terms and conditions of said contract, plans, and specifications, and for loss of profit in being prevented by the defendant from completing the work to be performed under said contract, all to the damage of plaintiffs in the sum of six thousand dollars ($6,000), of which no part has been paid." And the learned referee under this claim awarded to them $1,946.30, made up of items stated by him as follows:

"60 yds. of sand at $1.50 per yd. 22 wheelbarrows at $16 per doz. 60 cement boxes at 80 cents apiece. 2,200 ties at 10 cents apiece. 250 yds. gravel at $2.00 per yd. Cement shed, 16x20 14-ft. post. Car load and a half of cement. Planking. Building road."

The learned referee in his opinion says:

"I am aware that this claim does not appear in the complaint or bill of particulars. However, the evidence was allowed and received by Mr. Justice Barnard under the general issue, after objection by the defendant."

It appears that evidence on this point was met by objections and exceptions, and, further, that the complaint was not amended so as to conform to the pleadings. The items which go to constitute this amount were not included in the pleading:

"Securing right of way, building bridges, purchasing tools, machinery, employing engineer, building storage buildings, and materials damaged and destroyed, and in the expending of moneys in preparing crushed stone."

And so they would not, for example, include the specific item of $340 testified to by the plaintiff as the cost of building a piece of road. I think that the defendant, under the provisions of this contract, had a right to suspend or to terminate the contract, while the provision was that in such event the plaintiffs should recover for the work done. I think that the plaintiffs are not entitled to recover for these specific items on the theory that it is work done, for such items covered material or instruments for the doing of work. Under the terms of the contract the plaintiffs were bound to contemplate the possibility of the termination of the contract whenever the defendant's officers deemed it for the best interests of the village; and, as they were thereby relegated to recover for work done, they cannot recover for the materials brought to hand or the instruments procured for the doing of the work. If any of the material, tools, etc., were taken or kept by the defendant, then the plaintiffs might recover on the theory of a conversion. For these reasons, I think that these items should be excluded from the case under the present pleadings in any event, without prejudice, however, to the plaintiffs to recover by conversion or appropriate action for the material or tools, etc., which they assert they left upon the premises and which they were prevented from taking away. I think that interest cannot be allowed (Beckwith v. City of New York, 121 App. Div. 465, 106 N. Y. Supp. 175; Excelsior Terra Cotta Co. v. Harde, 181 N. Y. 12, 73 N. E. 494, 106 Am. St. Rep. 493, and Sweeny v. City of New York, 173 N. Y. 417, 66 N. E. 101), for interest is only allowance in a case like this, where the amount due to the plaintiffs under their demand was merely a matter of computation.

The judgment is reversed and a new trial granted, costs to abide the event, unless the plaintiffs within 20 days shall consent to reduce the sum to $1,247, with costs and interest from the time of the entry of the judgment, in which event the judgment as modified is affirmed, without the costs of this appeal to either party. All concur.